**UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN**

02 SEP 19  PM 3:57

BAUM RESEARCH AND DEVELOPMENT
COMPANY, INC., a Michigan Corporation; and
CHARLES S. BAUM, an individual,

      Plaintiffs,

v.

UNIVERSITY OF MASSACHUSETTS AT
LOWELL, a non-profit school; and
JAMES SHERWOOD, an individual,

      Defendants.

Case No. 1:02 CV 0674
Honorable:

Richard Alan Enslen
U.S. District Judge

Joseph C. Fisher (P24061)
Brandt, Fisher, Alward & Roy, P.C.
Attorney for Plaintiff
1241 East Eighth Street
Post Office Box 5817
Traverse City, Michigan  49696-5817
(231) 941-9660

      There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

**VERIFIED COMPLAINT AND JURY DEMAND**

      NOW COME Plaintiffs Baum Research and Development Company, Inc. (hereinafter referred to as "Baum Research"), and Charles S. Baum (hereinafter referred to as "Baum"), by and through their attorneys, Brandt, Fisher, Alward & Roy, P.C., and for their Verified Complaint against Defendants, University of Massachusetts at Lowell (hereinafter referred to as "University") and James Sherwood (hereinafter referred to as "Sherwood"), state:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Baum Research is a Michigan corporation with its principal place of business located in Traverse City, County of Grand Traverse, State of Michigan, and which conducts business in Michigan and throughout the United States of America.

2.      Plaintiff Baum is an individual who resides in Traverse City, County of Grand Traverse, State of Michigan.

3.      Defendant University is a non-profit school located in Lowell, Massachusetts.

4.      Defendant Sherwood is an individual who resides in or about Lowell, Massachusetts, and serves as Professor of Mechanical Engineering at the University.

5.      This action arises out of a Confidential License Agreement entered into by Baum Research and the University on December 24, 1998 (hereinafter referred to as Agreement").

6.      The amount in controversy exceeds the sum of $75,000.00.

7.      This action also arises under an Act of Congress relating to patents.

8.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332(a) and 1338(a).

9.      Venue is proper in the Western District of Michigan because the parties contractually agreed to venue and jurisdiction in the appropriate state or Federal Courts of record sitting in Michigan.

## COMMON ALLEGATIONS

10.     Plaintiffs incorporate by reference the previous paragraphs as if fully restated here.

11.     Plaintiff Baum Research, among other things, manufactures and markets a patented state of the art testing device (Baum Hitting Machine) that brings a baseball/softball bat and

2

baseball/softball into a collision in a dynamic process that measures and records ball-in speeds, bat-in speeds, and batted ball exit speeds.

12.     Plaintiff Baum, an individual, is the holder of U.S. Patent 5988861 issued to him for the Baum Hitting Machine.

13.     There are only two Baum Hitting Machines in existence; one in the possession of Plaintiffs and one in the possession of the Defendant University.

14.     The Defendant University has a baseball research center as part of its Department of Mechanical Engineering.  The baseball research facility has as one of its functions, the testing of baseball bats and baseballs, to provide appropriate testing information concerning bat performance to amateur baseball organizations, including the National Collegiate Athletic Association (NCAA).  Dr. James Sherwood is the professor in charge of this facility.

15.     On or about December 24, 1998, Plaintiffs and Defendant University entered into a contract labeled "Confidential License Agreement," which provided, among other things, the following terms and conditions:

        a.    The Defendant University, as licensee in the Agreement, agreed to purchase a Baum Hitting Machine from Plaintiff for a stated price.  The price has been paid.

        b.    Defendant University was (is) responsible for the installation, testing, and safe use of the Baum Hitting Machine.

        c.    Plaintiffs did supply all required equipment, software and materials to operate the testing machine and fully completed its agreement.

3

d.      Defendant University received a paid-up non-exclusive license under the Baum technology to operate the Baum Hitting Machine for non-commercial testing.

e.      Defendant University could receive a one time license to do commercial testing if Plaintiffs could not, or would not perform a commercial test provided, however, that Defendant University had appropriate written consent from Plaintiffs.

f.      Non-commercial testing is defined by the agreement and specifically excludes direct or indirect testing for baseball equipment manufacturers and other commercial entities, whether for profit or not for profit.

g.      Test protocol was provided and Defendant University as licensee, was not permitted to make any changes to the test protocol without providing scientific and engineering information to substantiate the need for such changes.  Plaintiff Baum was to be consulted as to the rationale of such protocol changes prior to their implementation and was required to give approval for any such changes.

16.     On or about January 19, 2000, and then again on February 10, 2000, the Plaintiff gave written notice to Defendants that Defendant University's license to use the Baum Hitting Machine was terminated as of January 31, 2000.

17.     Plaintiffs, when performing bat testing activities with the Baum Hitting Machine charged $5,000 per day; upon information and belief Plaintiffs allege that Defendant University charges $2,500 per day for use of the Baum Hitting Machine.

18.     The minimum testing time for a metal bat with the Baum Hitting Machine is two

4

days; the minimum testing time for a wood bat on the Baum Hitting Machine is one half day

## COUNT 1 - BREACH OF CONTRACT

19.    Plaintiffs incorporate by reference the previous paragraphs as if fully restated here.

20.    Defendant University, in violation of the Agreement has completed substantial commercial testing without a separate license from the Plaintiffs. Plaintiffs, upon information and belief, allege that Defendant University, in violation of the Agreement, has tested commercially for Hillerich and Bradsby Company, manufacturer of the "Louisville Slugger;" Eastern Sports Inc., a baseball bat manufacturer; Worth Inc., a baseball bat manufacturer; without the proper license from Plaintiffs or either of them.

21.    Plaintiffs further allege that while they are without specific knowledge or information, believe that the Defendants have used the Baum Hitting Machine more than 300 days for commercial testing purposes for the years 1999, 2000, 2001, and for something less than 300 days in 2002, all in violation of the Agreement.

22.    Defendants, by using the Baum Hitting Machine for commercial testing purposes, as alleged in paragraph 18 above, have damaged the Plaintiffs in a sum in excess of Six Million and No/100 ($6,000,000.00) Dollars.

WHEREFORE, Plaintiffs demand judgment against the Defendants and either of them, jointly, and severally, in an amount for whatever Plaintiffs are found to be entitled, plus interest and costs.

## COUNT II - PATENT INFRINGEMENT

23.    Plaintiffs incorporate by reference the previous paragraphs as if fully restated here.

24.    Plaintiff Baum terminated the Agreement by letter of January 19, 2000, and again by letter of February 10, 2000, each letter written in compliance with the Agreement.

25.    Defendants, have not provided Plaintiffs with a full detailed accounting of the use of the Baum  Hitting Machine for the period July 1999 to January 19, 2000.  Plaintiffs have a lack of knowledge and information as to the extent of the use of the Baum Hitting Machine by the Defendants subsequent to January 19, 2000.

26.    The use by the Defendants of the Baum Hitting Machine is in violation of the patent rights held by Plaintiff Baum.

WHEREFORE, Plaintiff Baum demands as follows:

A.    That Defendants, and either of them, be ordered to render a full and true accounting of the number of tests conducted and the revenue received by the Defendants in conjunction with the use of the Baum Hitting Machine for any purpose since July 1999.

B.    That Plaintiff Baum have judgment against Defendants, and either of them, jointly and severally, for the tests made by Defendants with the Baum Hitting Machine in an amount to be determined, plus interest and costs.

C.    That Plaintiff Baum have other and further relief which the Court deems equitable and proper.

## JURY DEMAND

NOW COME Plaintiffs, Baum Research and Development Company, Inc., a Michigan corporation, and Charles S. Baum, an individual, by and through their attorney, Joseph C. Fisher, and hereby request a jury trial on all issues in said cause.

Dated:  _9- 18 02_

_____
CHARLES S. BAUM
Individually and as
of Baum Research and Development
Company, Inc., a Michigan Corporation

6

Dated: 9-18-02

_____
JOSEPH C. FISHER (P24061)
Attorney for Plaintiffs

STATE OF MICHIGAN        )
                         ) ss
COUNTY OF GRAND TRAVERSE)

On this 18th day of September, 2002, before me, the subscriber, a Notary Public in and for said County, appeared Charles S. Baum, individually, on behalf of the Corporation, to me known to be the person described in and who executed the foregoing instrument and acknowledged the execution thereof to be his free act and deed.

_____
IRENE M. SCHMIDT, Notary Public
Antrim County, MI
Acting in Grand Traverse County, MI
My Commission Expires:  4/30/05

Prepared by: Joseph C. Fisher, Brandt, Fisher, Alward & Roy, P.C., 1241 E. Eighth Street, P.O. Box 5817, Traverse City, MI 49696-5817, (231) 941-9660