UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAUM RESEARCH AND DEVELOPMENT                    Case No. 1:02-CV-0674
COMPANY, INC., a Michigan corporation;           Hon. Richard Alan Enslen
and CHARLES S. BAUM, an individual,              Magistrate Ellen Carmody

       Plaintiffs,

v.

UNIVERSITY OF MASSACHUSETTS
AT LOWELL, a non-profit school,

       Defendant.

_____/

BRANDT, FISHER, ALWARD & ROY, P.C.            DYKEMA GOSSETT, PLLC
Joseph C. Fisher (P24061)                     Stephen S. Muhich (P35289)
John M. Grogan (P56577)                        Sarah E. Heineman (P66202)
Attorneys for Plaintiffs                       Attorneys for Defendants
1241 East 8th Street                           300 Ottawa Avenue, N.W., Suite 700
P.O. Box 5817                                  Grand Rapids, MI 49503-2306
Traverse City, MI 49696-5817                   (616) 776-7500
(231) 941-9660

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
Andrew Kochanowski (P55117)
Patrick B. McCauley (P17297)
Co-Counsel for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

      NOW COME Plaintiffs Baum Research and Development Company, Inc. (hereinafter

referred to as "Baum Research"), and Charles S. Baum (hereinafter referred to as "Baum"), by

and through their attorneys, Sommers, Schwartz, Silver & Schwartz, P.C. and Brandt, Fisher,

Alward & Roy, P.C., and for their First Amended Complaint and Jury Demand against Defendant, University of Massachusetts at Lowell (hereinafter referred to as "University"), state:

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Baum Research is a Michigan corporation with its principal place of business located in Traverse City, County of Grand Traverse, State of Michigan, and which conducts business in Michigan and throughout the United States of America.

2.      Plaintiff Baum is an individual who resides in Traverse City, County of Grand Traverse, State of Michigan.

3.      Defendant University is a non-profit school located in Lowell, Massachusetts.

4.      This action arises out of a Confidential License Agreement entered into by Baum Research and the University on December 24, 1998, and two United States Patents, Nos. 5,988,861 and 6,640,200 (hereafter the "'861 Patent" and "'200 Patent").

5.      The amount in controversy exceeds the sum of $75,000.00.

6.      This action also arises under an Act of Congress relating to patents.

7.      This Court has original jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332(a) and 1338(a).

8.      Venue is proper in the Western District of Michigan because the parties contractually  agreed to venue and jurisdiction in the appropriate state or Federal Courts of record sitting in Michigan.

2

## COMMON ALLEGATIONS

9.      Plaintiffs incorporate by reference the previous paragraphs as if fully restated here.

10.     Plaintiff Baum Research, among other things, manufactures and markets a patented state of the art testing device (Baum Hitting Machine) that brings a baseball/softball bat and baseball/softball into a collision in a dynamic process that measures and records ball-in speeds, bat-in speeds, and batted ball exit speeds.  Plaintiff Baum Research also makes, and at all relevant times made, a composite bat called the Baum Bat.

11.     Plaintiff Baum, an individual, is the holder of the '861 Patent and the '200 Patent, and Plaintiffs have standing to assert the claims of the '861 and '200 Patents.

12.     There are only two Baum Hitting Machines in existence; one in the possession of Plaintiffs and one in the possession of the Defendant University. The machines were created by Plaintiff Baum in response to a problem that had arisen in the late 1980's in amateur baseball concerning the ability of aluminum baseball bats to hit baseballs.  The Baum Hitting Machine addressed the issue of bat/ball collision in order to assist in creating and enforcing rules for the physical composition of baseball bats.

13.     The Defendant University has a baseball research center as part of its Department of Mechanical Engineering.  The baseball research facility has as one of its functions, the testing of baseball bats and baseballs, to provide testing information concerning bat performance to amateur baseball organizations, including the National Collegiate Athletic Association (NCAA). A University employee, Dr. James Sherwood, is the professor in charge of this facility.

3

14.     On or about December 24, 1998, Plaintiffs and Defendant University entered into a contract labeled "Confidential License Agreement."   Under the Confidential License Agreement, Plaintiffs granted, among other things, a limited license for Defendant to conduct certain Final Certification Testing under an established Test Protocol.  Aside from certain limited other license grants immaterial to the issues in this action, the Confidential License Agreement permitted Defendant, under a paid-up license, to conduct only such limited tests as are necessary to verify that a baseball bat is compliant with batted ball speed restrictions as may be imposed by the NCAA.  The license did not and does not extend to any testing conducted by Defendant for third parties, whether paid or unpaid, prior to such Final Certification Testing, or for any testing using the Baum Hitting Machine not conducted under the Test Protocol attached to the Confidential License Agreement on December 28, 1998.

15.     In the fall of 1999, Plaintiffs discovered that Defendant had at least (1) permitted competitors of Plaintiffs to conduct extensive testing of their bats between August and September, 1999, (2) modified, or permitted to others to modify, the Test Protocol, and (3) operated the Baum Hitting Machine to conduct baseball bat testing for the NCAA using a protocol different than the Test Protocol.  On or about January 19, 2000, and then again on February 10, 2000, the Plaintiff gave written notice to Defendants that Defendant University's license to use the Baum Hitting Machine was terminated as of January 31, 2000.  The letters set forth numerous reasons for the termination including the following:

      a.     That the University materially breached the Confidential License Agreement by engaging in commercial testing;

      b.     That the University materially breached the Confidential License Agreement by modifying the Test Protocol attached to the Agreement and used the Baum Hitting Machine under the new protocol; and

4

      c.     That the University materially breached the Confidential License Agreement by modifying the Baum Hitting Machine without permission.

16.     Plaintiff Baum Research further demanded that Defendant cease all unpermitted testing of baseball bats, and conduct no further testing under the license that was not in conformance with the agreed Test Protocol. Defendant refused to so operate.

17.     As a result of Defendant's actions, the Confidential License Agreement terminated no later than January 31, 2000.

18.     Plaintiffs, when performing bat testing activities with the Baum Hitting Machine charged $5,000 per day; Defendant University charged $2,500 and $5,000 per day for use of the Baum Hitting Machine.

19.     Notwithstanding the termination, since January 31, 2000, Defendant has continued to operate the Baum Hitting Machine under a different protocol than that permitted by Plaintiffs, and has purported to "certify" at least 1,300 bats for various bat manufacturers using the Baum Hitting Machine, while collecting various sums, believed to be no less than $1,500/day of testing.

20.     As a result of such actions, Plaintiffs have been injured as follows:

      a.     Loss of revenues;
      b.     Loss of profits;
      c.     Injury to Plaintiff Baum Research in its Baum Bat sales; and
      d.     Loss of reasonable royalty.

## COUNT I - BREACH OF CONTRACT

21.     Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

22. Since August, 1999, Defendant University, in violation of the Agreement, performed extensive unlicensed testing. Defendant, in violation of the Confidential License Agreement, has tested outside the scope of the license for Hillerich and Bradsby Company, manufacturer of the "Louisville Slugger;" Easton Sports Inc., a baseball bat manufacturer; Worth Inc., a baseball bat manufacturer; and many other companies, as well as the NCAA, ball manufacturers, and others. Such testing does not fall within the scope of any license extended under the Confidential License Agreement.

23. Defendant has further breached the Confidential License Agreement by modifying the Test Protocol, and conducting testing under a Protocol different from that authorized by Plaintiffs.

24. Defendant has further breached the Confidential License Agreement by modifying the Baum Hitting Machine without permission.

25. All of the above breaches are material.

26. Defendant, by using the Baum Hitting Machine in the manner described above, has damaged the Plaintiffs in a sum in excess of $3.8 Million.

WHEREFORE, Plaintiffs demand a declaration and judgment against the Defendant as follows:

  a.   That Defendant's actions caused a material breach of the Confidential License Agreement;

  b.   That the Confidential License Agreement was terminated by the material breach(es) no later than January 31, 2000; and

  c.   That in the alternative, the Confidential License Agreement was not terminated, but that certain testing performed by Defendant since August, 1999 was not permitted by license and was therefore outside of the activities permitted under the Confidential License Agreement.

6

Plaintiffs demand monetary judgment against the Defendant in an amount for whatever Plaintiffs are found to be entitled, plus interest, attorney fees and costs.

## COUNT II - PATENT INFRINGEMENT

27.     Plaintiffs incorporate by reference the previous paragraphs as if fully restated herein.

28.     Plaintiff Baum terminated the Confidential License Agreement by letter of January 19, 2000, and again by letter of February 10, 2000, each letter written in compliance with the Confidential License Agreement.

29.     Defendant has been and still is infringing the '861 Patent and the '200 Patent by practicing the methods, using, or selling, or offering for sale, the patented invention, and will continue to do so unless enjoined by the Court.  Such violations occurred no earlier than January, 1999, and continue to today.

30.     Upon information and belief, Defendant's acts of infringement have been and continue to be willful.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray for relief against Defendant University as follows:

1.      Enter judgment that University has directly infringed, has actively induced others to infringe and/or has contributed in the infringement of U.S. Patents Nos. 5,988,861 and 6,640,200;

7

2. Enter judgment that said infringement was and continues to be willful and wanton;

3. Award Plaintiffs damages adequate to compensate for past infringement by University in the amount no less than a reasonable royalty and/or lost profits, in a sum to be determined at trial, and that said damages be trebled in view of the willful and wanton nature of the infringement;

4. Enter a preliminary and permanent injunction against University, its officers, agents, servants, employees and attorneys, and other persons in active concert or participation with University, enjoining University from further infringement of the '861 and '200 Patents;

5. Order University to deliver to Plaintiffs for destruction, all infringing products and systems in its possession;

6. Declare this case an exceptional case under 35 U.S.C. § 285, and award Plaintiffs their attorney fees incurred in this action;

7. Award Plaintiffs their costs of this action, interest on the award and other charges to the maximum extent permitted; and

8. Award Plaintiffs any other relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

NOW COME Plaintiffs, Baum Research and Development Company, Inc., a Michigan corporation, and Charles S. Baum, an individual, by and through their attorneys, Andrew Kochanowski and Joseph C. Fisher, and hereby request a jury trial on all issues in said cause.

_____
SOMMERS, SCHWARTZ, SILVER &
SCHWARTZ, P.C.
Andrew Kochanowski (P55117)
Patrick B. McCauley (P17297)
Co-Counsel for Plaintiffs
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300

BRANDT, FISHER, ALWARD & ROY, P.C.
Joseph C. Fisher (P24061)
John M. Grogan (P56577)
Attorneys for Plaintiffs
1241 East 8th Street
P.O. Box 5817
Traverse City, MI 49696-5817
(231) 941-9660

Dated:_____

9

This document was created with Win2PDF available at http://www.daneprairie.com.
The unregistered version of Win2PDF is for evaluation or non-commercial use only.