UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAUM RESEARCH AND
DEVELOPMENT COMPANY, INC., et
al.,

    Plaintiffs,                              Hon. Ellen S. Carmody

v.                                            Case No. 1:02-cv-00674

UNIVERSITY OF MASSACHUSETTS
AT LOWELL, et al.,

    Defendant.
_____/

**OPINION**

On June 17, 2005, the Court filed an Order (Dkt. 138) denying summary judgment motions by both parties. A jury trial was scheduled for July 11, 2005. During the Final Pretrial Conference, Plaintiffs moved to amend their Complaint. (Dkt. 139). The Court instructed both parties to brief the issue. On June 27, 2005, Plaintiffs filed their Motion for Leave to File First Amended Complaint (Dkt. 140) and Brief in Support (Dkt. 141). Subsequently, Defendant filed its Response to Plaintiffs' motion. (Dkt. 144). On July 7, 2005, Defendant filed a Motion for Adjournment of Trial, to which Plaintiffs objected. The Court granted Plaintiffs' Motion for Leave to File First Amended Complaint as well as Defendant's Motion for Adjournment of Trial. (Dkt. 149). The jury trial is currently scheduled for September 6, 2005 (Dkt. 150).

Plaintiffs asked the Court to grant their motion to file an amended complaint

1

because "[t]here can be no conceivable prejudice to UMass, as the factual issues relevant to the proofs are exactly the same" and "the amended complaint articulates nothing more than the same theory already sued on." (Dkt. 141).  Essentially, Plaintiffs claimed the amendment merely clarifies their original allegation[1] by explaining that despite a finding of no material breach, Plaintiffs "would still be entitled to damages for activities that were not Final Certification Testing." (Dkt. 141).  Plaintiffs also asserted that their proposed amended complaint would require no further discovery by Defendant other than what Plaintiffs have already offered to provide, the deposition of Mr. Taylor.

In opposition, Defendant's argument was four-fold.  First, Defendant argued that Plaintiffs sought to introduce new theories of liability and a measure of damages not included in the Original Complaint:

> Defendant breached the License Agreement not only by engaging in commercial testing, but also by (1) performing 'unlicenced' testing for baseball bat manufacturers, the NCAA, ball manufacturers, and others; (2) modifying the test Protocol; (3) conducting testing under a Protocol different from that authorized by Plaintiffs; and (4) modifying the Baum Hitting Machine without permission.

(Dkt. 144).

Second, since Plaintiffs moved to add such issues on the eve of trial, Defendant claimed it would be prejudiced by "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." (Dkt. 144) (citing *Wade v.*

---

[1] Plaintiffs state their original allegation limited their recovery "to proof of a material breach by the events of 1999." (Dkt. 141).

2

*Knoxville Utilities Board*, 259 F.3d 452, 458 (6th Cir. 2001)).  Third, Defendant identified several items of discovery not previously explored that would be required to address the issues raised in the amended complaint.  Finally, Defendant argued in the alternative that if the Court were to grant Plaintiffs' motion, trial must be adjourned and discovery extended so that Defendant could "fully defend itself against Plaintiffs' new allegations."  (Dkt. 144).

Fed.R.Civ.P. 15(a) gives the trial court broad discretion to determine whether a party may amend its pleadings "when justice so requires" after the time to amend has expired.  The rule encourages a liberal application, guiding the court "to look favorably on requests to amend."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1487.  The United States Supreme Court has stated:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Forman v. Davis,* 371 U.S. 178 (1962).

The motion to amend raised the question of whether Plaintiffs' delay in moving would cause Defendant undue prejudice if the motion were granted.  To make such a determination, "the facts of each case must be examined to determine if the threat of prejudice is sufficient to justify denying leave to amend."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1487.  No time restriction has been set on when movants must request for leave to amend; instead, courts have granted such leaves to amend at all stages of litigation if it

will not prejudice the opposing party. *Id.*

The Court rejects Defendant's argument that Plaintiffs have attempted to introduce new theories into the case. The Court finds that Plaintiffs' amendment alleges nothing other than what has been extensively briefed by *both* parties in support of their summary judgment motions. Further, Plaintiffs' original Complaint charged Defendant with 300 instances of "commercial" testing in 1999, 2000, and 2001, all allegedly prohibited by the License Agreement. Section I-10 of the License Agreement identifies "Non-Commercial Testing" as including "Final Certification and Compliance Testing" among other things. Plaintiffs' Amended Complaint simply alleges in more detail the various ways that Defendant allegedly engaged in "commercial" testing. Thus the Court finds that Plaintiffs simply seek to add flesh to the bones of their original Complaint.[2]

Secondly, Defendant argues that Sixth Circuit authority demonstrates that Plaintiffs' delay in moving to amend was not only undue, but that the effect would prejudice Defendant.[3] However, the cases identified by Defendant merely affirm the notion that undue delay in moving to amend is one factor courts use to determine whether the non-moving party will be prejudiced. As previously discussed, Plaintiffs have not sought to introduce issues that have not been previously addressed by both parties. Therefore, since the Court finds its effect

---

[2] In any event, parties are not barred from introducing new theories into the case though amendment. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 1487. Many federal courts have allowed the following types of amendments after the time to amend has expired: (1) "chang[ing] the nature or theory of [the] claim;" (2) changing "the capacity in which [the moving party] is bringing the action;" (3) "increasing the amount of damages sought;" and (4) "electing a different remedy than the one originally requested." Id.

[3] *See Wade v. Knoxville Utilities Board*, 259 F.3d 452 (6th Cir. 2001); *Bridgeport Music, Inc. v. Dimension Films*, - - - F.3d - - -, 2005 WL 1384376 at *9 (6th Cir. March 28, 2005); *Duggins v. Steak 'N Shake Inc.*, 195 F.3d 828 (6th Cir. 1999).

4

will not prejudice Defendant, Plaintiffs' motion to amend is **granted**.

Nevertheless, Defendant has identified items of discovery it claims are necessary to address Plaintiffs' proposed amendment. As such, in light of Plaintiffs' motion being granted, the Court found extended discovery and a short trial adjournment appropriate.

For the reasons discussed above, the Court, on July 7, 2005 (Dkt. 149) **granted** Plaintiffs' Motion for Leave to File First Amended Complaint (Dkt. 140), and **granted** Defendant's Motion for Adjournment of Trial (Dkt. 146).


Date:  August 2, 2005                                      /s/ Ellen S. Carmody
                                                          ELLEN S. CARMODY
                                                          United States Magistrate Judge