UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BAUM RESEARCH AND
DEVELOPMENT CO., INC., et al.,

        Plaintiff,                              Hon. Ellen S. Carmody

v.                                                 Case No. 1:02-cv-674

UNIVERSITY OF MASSACHUSETTS
AT LOWELL,

        Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on the following motions: <u>Plaintiffs' Motion to Amend Judgment</u>, (dkt. #484); <u>Defendant's Rule 50(b) Motion for Judgment as a Matter of Law</u>, (dkt. #486); and <u>Defendant's Motion to Alter or Amend Judgment</u>, (dkt. #488). As discussed below, these motions are all **denied**.

I.          **Plaintiffs' Motion to Amend Judgment** (Dkt. #484)

Plaintiffs move, pursuant to Federal Rule of Civil Procedure 59(e), that the Court "amend its judgment to award Plaintiffs' prejudgment interest on the full amount of the jury's patent infringement damages award." Plaintiffs, in the alternative, seek "entry of a judgment accurately reflecting the amount of interest awarded to Plaintiffs pursuant to the Court's July 14, 2009 Opinion and Order."

A motion to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See*

*GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). However, such motions are not "an opportunity to re-argue a case" and, therefore, "parties should not use them to raise arguments which could, and should, have been made before judgment issued." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

      A.      Motion to Amend Judgment

The jury awarded Plaintiffs $3,016,915 in damages on their breach of contract claim and $3,100,000 in damages for patent infringement. As the Court recognized, Plaintiffs are entitled to recover only the larger of the two amounts as damages for both the breach of contract and patent infringement. Likewise, Plaintiffs are not entitled to recover prejudgment interest on the total amount awarded by the jury ($6,116,915), but instead may only recover prejudgment interest on the $3,100,000 to which they are entitled.

For purposes of calculating prejudgment interest, the Court found that $3,016,915 of this amount is attributable to Plaintiffs' breach of contract claim and $83,085 is attributable to Plaintiff's patent infringement claims. (Dkt. #480). Accordingly, the Court concluded that Plaintiffs were entitled to recover prejudgment interest, under Michigan law, on the $3,016,915 attributable to the breach of contract claim and prejudgment interest, under federal law, on the $83,085 attributable to the patent infringement claims. Plaintiffs take issue with the manner in which the Court allocated the jury award for purposes of calculating prejudgment interest. Plaintiffs now argue that they are entitled to prejudgment interest, under federal law, on the entire jury award of $3,100,000. Plaintiffs presumably, therefore, now take the position that they are not entitled to any amount in prejudgment interest, under Michigan law, for an amount attributable to the breach of contract claim.

The Court notes, however, that the position Plaintiffs presently assert on this matter contradicts their previous position on the subject. Plaintiffs previously asserted that they were entitled to judgment in the amount of $3,016,915 on the breach of contract claim. (Dkt. #464). The Court discerns no clear legal error in its resolution of this question. Plaintiffs have failed to identify any newly discovered evidence or intervening change in law entitling them to relief. Moreover, the Court does not find that failure to grant Plaintiffs' request will result in manifest injustice. Accordingly, Plaintiffs' request is **denied**.

B. Calculation of Pre-judgment and Post-judgment Interest

Despite the Court's clear articulation of such, the parties continue to disagree as to the calculation of pre-judgment and post-judgment interest. With respect to this matter, the Court reiterates what it previously held, a determination that no party has demonstrated is clearly erroneous.

Plaintiffs' breach of contract claim arose under Michigan law and the Court heard this claim pursuant to its supplemental jurisdiction. *See* 28 U.S.C. § 1367. As the Court previously recognized, "[w]here state law claims come before a federal court on supplemental jurisdiction, the award of prejudgment interest rests on state law." *Mills v. River Terminal Railway Co.*, 276 F.3d 222, 228 (6th Cir. 2002).

Under Michigan law "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in" Michigan Compiled Laws § 600.6013. Michigan courts have indicated that "[a]n award of interest is mandatory in all cases in which [Mich. Comp. Laws § 600.6013] applies." *Quinn v. City of Grosse Pointe Farms*, 2005 WL 159796 at *3 (Mich. Ct. App., Jan. 25, 2005) (citing *Rodriguez v. State Farm Ins. Group of Cos.*, 651 N.W.2d 428 (Mich. Ct. App. 2002)). The statute in question applies in this instance. *See* Mich. Comp. Laws § 600.6013(8). Pursuant to this provision,

prejudgment interest is awarded "from the date of filing the complaint" and is "calculated on the entire amount of the money judgment, including attorney fees and other costs." Mich. Comp. Laws § 600.6013(8). Interest under this subsection is "calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually." Mich. Comp. Laws § 600.6013(8).

Plaintiffs were awarded $3,016,915 in damages on the breach of contract claim, as well as $52,294.33 in costs. Accordingly, pursuant to Michigan law, Plaintiffs are entitled to recover pre-judgment interest on $3,069,209.33, calculated in the manner discussed above.

As previously noted, for purposes of calculating pre-judgment interest, Plaintiff was awarded $83,085 on his patent infringement claims. Federal patent law provides that "[u]pon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. The Supreme Court has held that "pre-judgment interest should be awarded under § 284 absent some justification for withholding such an award." *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983). As discussed in its July 14, 2009 Opinion and Order, the Court discerned no justification for denying pre-judgment interest as to Plaintiffs' patent infringement claims. For the reasons discussed in its previous Opinion and Order, the Court reiterates that Plaintiffs are entitled to pre-judgment interest on $83,085 (the amount of the damages award attributable to Plaintiff's patent infringement claims) calculated from January 31, 2000, through the date of final judgment. As the Court previously discussed, this interest is to be calculated at a rate of 5 percent interest compounded annually. Finally, with respect to post-

judgment interest, as the Court previously concluded, Plaintiffs are entitled to post-judgment interest calculated in the manner articulated in 28 U.S.C. § 1961(a).

Accordingly, to the extent Plaintiffs seek pre-judgment and/or post-judgment interest calculated in a manner inconsistent with the Court's July 14, 2009 Opinion and Order, such request is **denied**.

**II.     Defendant's Motion for Judgment as a Matter of Law** (Dkt. #486)

At the conclusion of Plaintiff's case-in-chief, Defendant moved for judgment as a matter of law. (Dkt. #436, 465). The Court took the matter under advisement, permitting the trial to continue. At the conclusion of its own case-in-chief, Defendant again moved for judgment as a matter of law. (Dkt. #437, 465). The Court again took the matter under advisement, permitting the trial to continue. Following the conclusion of the trial, the Court denied Defendant's motions. (Dkt. #480). Defendant has now renewed its motion for judgment as a matter of law. In so doing, Defendant asserts the very same claims and arguments the Court previously rejected. For the reasons previously articulated, Defendant's motion is **denied**.

**III.     Defendant's Motion to Alter or Amend Judgment** (Dkt. #488)

Defendant asserts that it is entitled to the following additional relief: (1) remittitur of the jury award; (2) new trial as to the issues of patent infringement liability and contract and patent damages; (3) a finding by the Court that Plaintiffs engaged in inequitable conduct; and (4) recalculation of the manner in which pre-judgment interest is determined.

A. Remittitur

Defendant seeks remittitur as to the amount awarded in contract damages, a claim that arises under state law, as well as the amount awarded in patent damages, a claim arising under federal law.

1. Contract Damages

The license agreement at issue in this matter expressly states that it "will be construed, interpreted and applied according to the laws of the State of Michigan." Moreover, as jurisdiction over this state law claim is based upon diversity jurisdiction, the Court must look to state law to assess the merits of Defendant's motion. *See Imbrogno v. Chamberlin*, 89 F.3d 87, 90 (2d Cir. 1996) ("in deciding remittitur motions in diversity cases, federal courts apply federal procedural standards and state substantive law"); *Jones v. Wittenberg University*, 534 F.2d 1203, 1212 (6th Cir. 1976) ("the appealability of an order of remittitur is determined by state law").

To obtain remittitur, Defendant must demonstrate that the jury's verdict as to damages was "excessive." *Gilbert v. DaimlerChrysler Corp.*, 685 N.W.2d 391, 399 (Mich. 2004). The term "excessive" has been defined as "going beyond the usual, necessary, or proper limit or degree; characterized by excess." *Id.* In other words, the Court must determine "whether the jury verdict is for an amount greater than the evidence can support." *Seabrook v. Delta Financial Corp.*, 2000 WL 33406658 at *13 (Mich. Ct. App., Oct. 3, 2000) (quoting *McLemore v. Detroit Receiving Hosp. & Univ. Medical Center*, 493 N.W.2d 441 (Mich. Ct. App. 1992)).

In making this determination, the Court must "view the evidence in a light most favorable to the plaintiff and give the plaintiff the benefit of every reasonable inference." *Dockett v. Kramer Entertainment Agency, Inc.*, 2005 WL 433597 at *2 (Mich. Ct. App., Feb. 24, 2005). If a review of the evidence reveals that "reasonable people could differ, the question is properly left to the trier of fact,"

*id.*, because "the authority to measure damages. . .inheres in the jury's role as trier of fact." *Gilbert*, 685 N.W.2d at 399. However, a party asserting a claim "has the burden of proving its damages with reasonable certainty" and "damages based on speculation or conjecture are not recoverable." *Metro Car Co. v. Hemker*, 2005 WL 3556115 at *2 (Mich. Ct. App., Dec. 29, 2005) (quoting *Berrios v. Miles, Inc.*, 574 N.W.2d 677 (Mich. Ct. App. 1997)). While absolute certainty is not required, Plaintiff must nonetheless establish a "reasonable basis" for its damages computation. *Dockett*, 2005 WL 433597 at *3 (citing *Hoffman v. Auto Club Ins. Ass'n.*, 535 N.W.2d 529 (Mich. Ct. App. 1995)).

The jury's verdict in this matter was not excessive and was reasonably supported by the evidence. The court recognizes that this conclusion is arguably at odds with its decision to set aside an earlier smaller jury award. However, two things were different at the second trial on damages. First, Plaintiffs' expert corrected some of the errors of his earlier analysis. Second, Defendant introduced expert witness testimony providing the jury with alternate theories for calculating damages. The jury adopted Plaintiffs' theory. Defendant's motion is, therefore, **denied** as to this aspect of the jury's verdict.

2.  Patent Damages

With respect to the amount awarded for patent infringement, remittitur is not appropriate unless the amount awarded "is beyond the maximum damages that the jury reasonably could find to be compensatory for a party's loss." *Gregory v. Shelby County*, 220 F.3d 433, 443 (6th Cir. 2000) (citations omitted); *see also, Benson v. City of Wellston*, 2006 WL 3154855 at *3 (6th Cir., Nov. 6, 2006) (same). Moreover, the Court cannot remit the jury's damage award unless it is (1) beyond the range supportable by proof; (2) so excessive as to shock the conscience; or (3) the result of a mistake. *See Gregory*, 220 F.3d at 443; *City of Wellston*, 2006 WL 3154855 at *3. When evaluating Defendants' motion, the Court

must review the evidence in this matter in a light most favorable to Plaintiff. *See Gregory*, 220 F.3d at 443.

The jury award as to Plaintiffs' patent infringement claims was supported by the evidence, does not shock the conscience, and Defendant has identified no mistake in the calculation thereof. Defendant's motion is, therefore, **denied** as to this aspect of the jury's verdict.

B. New Trial

Defendant asserts that it is entitled to a new trial because "the verdict is against the weight of the evidence" and has resulted in "a miscarriage of justice." *See, e.g., Conte v. General Housewares Corp.*, 215 F.3d 628, 637 (6th Cir. 2000) (a motion for new trial under Rule 59 is appropriate where: (1) the verdict is against the great weight of the evidence, (2) the damage award was excessive, (3) the trial was influenced by prejudice or bias, or (4) the verdict was otherwise unfair to the moving party).

Defendant has not persuaded the Court that there exists any basis to grant this motion. The jury's verdict was supported by the evidence and did not result in a miscarriage of justice. As previously discussed, the damages awarded by the jury were not excessive. There is no evidence that the trial was influenced by prejudice or bias. There is likewise no evidence that the verdict was unfair to Defendants. Finally, the Court discerns no other basis for granting Defendant's motion. Accordingly, Defendant's motion for a new trial is **denied**.

C. Inequitable Conduct

Defendant requests that the Court find that the '861 Patent is unenforceable because Plaintiffs engaged in inequitable conduct before the Patent and Trademark Office. Defendant has presented no evidence to support this defense. Moreover, as Plaintiffs assert in their response,

Defendant's inequitable conduct defense is undermined by the jury's findings. Defendant's motion is, therefore, **denied**.

D.     Pre-Judgment Interest

Defendant takes issue with the Court's determinations regarding the assessment and calculation of pre-judgment interest. Defendant has identified no error in the Court's resolution of this matter. Defendant's motion is, therefore, **denied**.

## CONCLUSION

As discussed herein, Plaintiffs' Motion to Amend Judgment, (dkt. #484), is **denied**; Defendant's Rule 50(b) Motion for Judgment as a Matter of Law, (dkt. #486), is **denied**; and Defendant's Motion to Alter or Amend Judgment, (dkt. #488), is **denied**. **This is a final order.**

Date:  December 7, 2009               /s/ Ellen S. Carmody
                                      ELLEN S. CARMODY
                                      United States Magistrate Judge